PER CURIAM.
Order
This matter came on to be heard this 4th day of June, A.D.1958, on the petition of Manuel M. Glover of Lakeland, Florida, for reinstatement to practice law in Florida;
It appears that petitioner was admitted to’ the Florida Bar the 10th day of June, A.D. 1925, and that he sustained a good moral and professional reputation until charges of unprofessional conduct were preferred1 against him in 1952. He was tried and convicted on said charges and was disbarred by this court July 29, 1952. His petition for reinstatement was presented to The Florida Bar April 30, 1958. The Grievance Committee found that petitioner was repentant for the charges against him; that his conduct during the years he had been disbarred *512 was good, that if reinstated, petitioner intends to abide by the Canons of Ethics and conduct himself as a law abiding citizen and that he could render competent legal service to clients. On the basis of these findings, three members of the Grievance Committee recommended that petitioner be reinstated but two members of the Committee recommended that petitioner be not reinstated to practice law.
The Board of Governors of The Florida Bar reviewed the findings and recommendations of the Grievance Committee and pointed out that approximately twenty-seven witnesses appeared and testified before that Committee; that said witnesses included a member of the Bar who is a former Circuit Judge and is now president of a Lakeland bank; there was also included in said witnesses the County Solicitor for the Criminal Court of Record, a postmaster, the Clerk of the Circuit Court of Polk County, a retired and an active minister, attorneys who were members of the Grievance Committee which prosecuted the original disbarment proceedings, a past president of the Florida State Bar Association, the president of the Lakeland Bar Association, a former Congressman, besides numerous other lawyers, business and professional men. Testimony of these witnesses was to the effect that petitioner had repented and completely rehabilitated himself; that since his disbarment his conduct had been good and that he had acted in a way to warrant public confidence; that he now enjoys the trust of those with whom he has dealt; that he has a new approach to his responsibility as a lawyer and if reinstated, he would be a credit to the profession.
The Board of Governors took the position that the only question before them was whether or not petitioner had rehabilitated himself. In re Stoller, 160 Fla. 769, 36 So.2d 443; In re Pine, Fla., 41 So.2d 546, and In re Branch, Fla., 53 So.2d 317. On authority of these cases, the Board of Governors found that petitioner had rehabilitated himself and recommends that he be reinstated.
The record in the cause has been certified to and examined by this court. We think it makes a meritorious showing so the petition for reinstatement is hereby granted and the petitioner is by this order restored to the role of practicing attorney at The Florida Bar.
It is so ordered.
TERRELL, C. J., and THOMAS, HOBSON, ROBERTS and THORNAL, JJ., concur.