TERRELL, Acting Chief Justice.
July 15, 1948, petitioner represents that he was tried and convicted in the United States District Court, Southern District of Florida, on an indictment alleging that he did make false and fraudulent claims against the United States of Amercia in violation of Title 18, United States Code, § 80.[1] He was adjudged guilty and sentenced to imprisonment for a year and a day and to pay a fine of $5,000. In addition to the criminal penalties of fine and imprisonment, which were paid and served, the government recovered civil judgments against petitioner which, with interest, aggregated $100,000. These have all been settled and satisfied.
Petitioner further represents that he was admitted to The Florida Bar April 1, 1925, and practiced law in Florida continuously until March 4, 1949, on which last named date he was by order of the Judge of the Circuit Court of the Seventh Judicial Circuit disbarred from the practice of law, the basis of such disbarment being the conviction as above defined. Soon after said disbarment petitioner moved to the State of Georgia, acquired a home and lands near Leesburg in that state where he lived and engaged in extensive farm and dairy business until 1958, when he sold out his Georgia interests and returned to Orlando, Florida, where he established his home at 526 Engle Drive, where he lives at the present time. Petitioner also represents that for the past ten years during his Georgia residence he has lived a respectable and industrious life and his conduct has been in keeping with the high standards of the legal profession; that the offense for which petitioner was disbarred is the sole conviction of crime, either prior to or subsequent to his disbarment; that petitioner’s disbarment was for an offense wholly disconnected with the practice of law and involved no misconduct touching his professional duties.
Petitioner also represents that at the appropriate time he applied to the State Board of Pardons for restoration of his civil rights and that his petition has been' granted by the State Board of Pardons; that the order restoring to petitioner his civil rights, among other things, recites, “it being shown to the Board that since said conviction he has been a law abiding citizen, has lived an exemplary life, and that the Florida Parole Commission, after making a. thorough investigation, recommended that his civil rights in Florida be restored to him.” Petitioner further represents that his right to practice law in the federal courts has not been disturbed; that he expressly authorized the Board of Governors or its agents to secure copies of all income tax returns filed by him; that he attaches to this petition copy of Schedule A, the requirements defined in Rule XI, Section 37, of the Integration Rule of The Florida Bar, 31 F.S.A.; that he has not hereto applied for reinstatement to The Florida Bar, but that he hereby prays that he be reinstated to The Florida Bar with authority to engage in the practice of law in the State of Florida.
Upon receipt of said petition for reinstatement, the Board of Governors of The Florida Bar appointed a special committee *9 to investigate the matters set forth therein and submit a report on the fitness of the applicant to be reinstated as a member of The Florida Bar in good standing. August 4, 1959, said committee conducted a formal hearing in Orlando, Florida, took testimony, considered applicant’s petition, and submitted a report to the Board of Governors at its September 1, 1959, meeting. However, because it had come to the attention of the Board of Governors that substantial material evidence relative to the applicant’s rehabilitation and fitness to practice law was not offered before the special committee at the August 4 hearing, the Board referred the matter back to that committee and, on October 5, 1959, entered its order directing the committee to hold a second hearing.
Pursuant to this order of the Board, the special committee gave notice that on October 23, 1959, it would conduct the second hearing, which was held at the court house in DeLand, Florida, November 5, 1959, to receive such testimony as the Volusia County Bar Association and others desired to submit. Notice of said hearing was given in due course to the applicant, the president and secretary of the Volusia County Bar Association, Roy E. Kinsey of the Board of Governors, The Florida Bar, and Honorable Murray Sams, State Attorney, Seventh Judicial Circuit.
A considerable volume of evidence was taken at the said hearing and a number of written instruments, letters and exhibits were submitted to and considered by the special committee, after which the said special committee did on the 15th day of February, 1960, order that petitioner forthwith take such steps as may be necessary to purge himself of the outstanding contempt citation pending in the matter of Mc-Gregor vs. McGregor in the Circuit Court of the Seventh Judicial Circuit in and for Vol-usia County, and upon satisfactory evidence of said action having been completed being presented to The Florida Bar by the applicant, the said special committee recommended that the Board of Governors of The Florida Bar give favorable consideration to the applicant’s petition for reinstatement. It further appears that following the said recommendation of the special committee and upon review of the record prepared in this matter, the Board of Governors of The Florida Bar respectfully recommends to this court that the applicant, Mahlon S. McGregor, be reinstated to membership in The Florida Bar.
At the oral argument, confronted with the recommendations of the special committee which investigated the application for reinstatement and the recommendation of the Board of Governors, the Volusia County Bar Association contends that the application should be denied because the evidence does not show rehabilitation on the part of petitioner.
It has been pointed out that the applicant lived and engaged in farming and dairying at Leesburg, Georgia, during the period of his disbarment, approximately ten years, or until he established his home at Orlando, Florida, in 1958, so rehabilitation in this case has reference to his conduct while living in Leesburg, Georgia. In other words, when he was admitted to the bar his character was tested and approved. To rehabilitate means to restore to previous rank, good standing, former rights, privileges or reputation. During his residence at Leesburg, Georgia, was applicant’s conduct and dealings with those he came in contact with such as to adjudicate him rehabilitated? The special committee and the Board of Governors gave an affirmative answer to this question.
We have examined the record and we think it amply supports the finding of the special committee and the Board of Governors. The strongest direct evidence supporting this finding is the letters of responsible people in Georgia who knew and had dealings with the applicant while he lived there. See also the finding of the Florida Parole Commission recommending the restoration of his civil rights. Then there is the testimony of various witnesses, as *10 pects of whose evidence support rehabilitation. We find no evidence of those who have known the applicant during his period 'of absence from the state which contradicts ithe finding of and recommendation of the " Board of Governors.
We think the applicant has complied with 'the rule prescribed in In re Stoller, 1948, 160 Fla. 769, 36 So.2d 443; In re Pine, Fla.1949, 41 So.2d 546; In re Branch, Fla.1951, 53 So.2d 317, and In re Application of Manuel Glover, Fla.1958, 104 So.2d 511.
It is accordingly ordered that the application of Mahlon S. McGregor for reinstatement to membership in The Florida Bar be, .and the same is hereby, granted.
It is so ordered.
' ROBERTS and DREW, JJ., and KE-HOE, Circuit Judge, concur.
O'CONNELL, J., dissents.

. Now 18 U.S.C.A. §§ 287, 1001.